## In re B. W. SCOTT BOOK & ART STORE, Inc.

### No. 20774.

District Court, W. D. New York.

Sept. 9, 1935.

See, also, 6 F. Supp. 790.

George F. Ditmars, of Geneva, N. Y., in pro. per.

William S. Moore, of Geneva, N. Y., for execution creditors.

KNIGHT, District Judge.

After rehearing, the referee has found that the levies in question were perfunctory and for the purpose of being used as a security and so became dormant. As to the executions of Baid's, Inc., and Mabie-Todd Company, it is found that no revival of the lien of execution has been proved. This finding fails to give due consideration to the testimony of the attorney for the creditors that his instructions to the sheriff to use his own judgment were meant to apply to such details of the sale as date and notice to dealers in other cities who might be interested in purchasing and not as to whether or not a sale should be held. The directions given to the sheriff to proceed with a sale revived the lien of the executions, and these judgments are entitled to priority of payment. Minnich v. Gardner, 292 U. S. 48, 54 S. Ct. 567, 78 L. Ed. 1116.

On behalf of Hall Bros. and Parker Pen Company, it is urged that a lien acquired by levy under an execution can lose its priority only by reason of instructions from the creditor to the sheriff not to proceed thereon. In the present instance, after levy was made, the debtor was allowed to operate his store in the same manner as previously. Under the circumstances, the referee could and did find that the execution lien was retained merely to obtain security for the judgment debt. Under such circumstances, the lien becomes dormant as to subsequent purchasers or incumbrances. In re Zeis (C. C. A.) 245 F. 737, 739.

Section 47a (2) of the Bankruptcy Act, 11 USCA § 75 (a) (2), vests the trustee with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings on all property in the custody of the bankruptcy court. This gives the trustee the rights of a creditor holding a lien by reason of execution as of the date of adjudication. Bailey v. Baker Ice Mach. Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275. The executions under consideration having become dormant, the trustee's lien takes precedence over them for the benefit of all creditors. These execution creditors are not entitled to priority of payment, but must share alike with other general creditors.